**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TAMMIE BOYER,**

                         **Plaintiff,**

                         **v.**

**8:16-cv-41
(GLS)**

**NANCY BERRYHILL,**[1]
Acting Commissioner of
Social Security,

                        **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Mark A. Schneider | MARK A. SCHNEIDER, ESQ. |
| 57 Court Street | |
| Plattsburgh, NY 12901 | |
| | |
| **FOR THE DEFENDANTS:** | |
| HON. RICHARD S. HARTUNIAN | KRISTINA D. COHN |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

---

[1] The Clerk is directed to amend the caption and substitute Nancy Berryhill as the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

1

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Tammie Boyer challenges the Commissioner of Social Security's denial of supplemental security income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Boyer's arguments, the Commissioner's decision is affirmed.

### II. Background

On March 30, 2012, Boyer filed applications for DIB and SSI under the Social Security Act ("the Act"). (Tr.[2] at 165, 166, 259-69.) After her applications were denied, (*id.* at 170-77), Boyer requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 182-87), which was held on March 28, 2014 and continued on July 17, 2014, (*id.* at 27-88). At the March 2014 hearing, Boyer amended her disability onset date to April 19, 2011 and withdrew her DIB application. (*Id.* at 51-55.) On July 29, 2014, the ALJ issued an unfavorable decision finding Boyer ineligible for SSI and

---

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 10.)

2

denying the requested benefits, (*id.* at 9-26), which became the Commissioner's final determination upon the Appeals Council's denial of review, (*id.* at 1-6).

Boyer commenced this action by filing her complaint on January 12, 2016 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 9, 10.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 13, 14.)

### III. **Contentions**

Boyer contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 13 at 21-35.) Boyer asserts that the ALJ erred by not finding that her impairments met listing 12.04 or 12.06. (*Id.* at 29-31.) Next, Boyer argues that the ALJ failed to properly weigh the opinion of her treating psychiatrist. (*Id.* at 21-29.) Additionally, Boyer contends the ALJ erred by failing to credit her testimony. (*Id.* at 31-34.) Finally, Boyer submits that the ALJ erred by presenting the vocational expert (VE) with an inaccurate hypothetical residual functional capacity (RFC). (*Id.* at 34-35.) In response, the Commissioner asserts that the ALJ's decision is legally sound and

3

supported by substantial evidence. (Dkt. No. 14 at 2-17.)

## IV. Facts

The court adopts the undisputed factual recitations of the parties and the ALJ. (Dkt. No. 13 at 2-18; Dkt. No. 14 at 1; Tr. at 15-21.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Listings 12.04 & 12.06

First, Boyer contends that the ALJ erred by failing to find that her post-traumatic stress disorder (PTSD) and depression met the criteria of listing 12.04 for depressive, bipolar and related disorders or of listing 12.06 for anxiety and obsessive-compulsive disorders. (Dkt. No. 13 at 29-31.) The Commissioner counters that Boyer failed to prove she had marked limitations in her activities of daily living, social functioning, or maintaining concentration or experienced repeated episodes of decompensation. (Dkt.

4

No. 14 at 10-13.)

At step three of the disability evaluation, the ALJ is required to determine whether the claimant's impairment(s) meet or equal an impairment listed in 20 C.F.R. pt. 404, subpt. P, app.1. *See* 20 C.F.R. § 416.920(d). To qualify, the claimant's impairments must satisfy all of the medical criteria of the particular listing. *See id.* § 416.925(c)(3). If the claimant's impairments meet a particular listing, such impairment is "severe enough to prevent a person from doing any gainful activity." *Id.* § 416.925(a). To establish disability under listings 12.04 and 12.06, a claimant must prove, among other things, that she suffers from "at least two of the following: 1. [m]arked restriction of activities of daily living; or 2. [m]arked difficulties in maintaining social functioning; or 3. [m]arked difficulties in maintaining concentration, persistence, or pace; or 4. [r]epeated episodes of decompensation, each of extended duration." 20 C.F.R. pt. 404, app. 1 §§ 12.04(B), 12.06(B).

The ALJ found that Boyer had mild restrictions in daily living, moderate difficulties in social functioning, moderate difficulties regarding concentration, persistence, or pace, and no extended episodes of decompensation. (Tr. at 15-16.) In making his finding, the ALJ partially

5

relied on the medical source statement from Jane Maxwell, Boyer's treating psychiatrist. (*Id.* at 16.) There, Dr. Maxwell opined that Boyer had moderate limitations in understanding, remembering, and carrying out instructions, maintaining attention and concentration, and making simple decisions. (*Id.* at 344.) In addition, Dr. Maxwell found that Boyer was very limited in interacting appropriately with others, maintaining socially appropriate behavior, and functioning in a work setting at a consistent pace. (*Id.*) Boyer contends that Dr. Maxwell's findings dictate a conclusion that she suffered marked limitations in at least two of the required areas. (Dkt. No. 13 at 31.) While the ALJ afforded significant weight to Dr. Maxwell's opinion, (Tr. at 19), he found that her notes indicate that Boyer improved with rehabilitation and that the record did not support that Boyer had more than a moderate limitation for social functioning, (*id.*). For this same reason, the ALJ determined that Boyer had the ability to perform simple tasks. (*Id.*)

    Moreover, the ALJ's determination with respect to each of the relevant areas of functioning is supported by substantial evidence. Boyer's own reported activities indicate that she is able to perform light chores, cook, and care for her personal hygiene. (*Id.* at 70, 72.) In addition, G.

6

Kleinerman, the state psychological examiner, who the ALJ afforded significant weight regarding Boyer's activities of daily living, opined that Boyer had only mild restrictions in this area. (*Id.* at 428.) With respect to social functioning, although Boyer suffered difficulties, treatment notes and Boyer's own reported activities reveal that she had a strong relationship with her family, was in a long term relationship with her boyfriend, attended church weekly, volunteered at a food pantry where she knew and interacted with other people, and related adequately during examinations. (*Id.* at 65, 319, 348, 352, 355, 357, 386, 388, 499, 503, 534, 573-74, 577, 628, 631, 687.) Finally, substantial evidence supports that Boyer had only moderate difficulties regarding her concentration, persistence, or pace. Boyer testified that she has difficulty with her long term memory, but has no difficulty with her short term memory. (*Id.* at 70.) Additionally, treatment notes reveal that Boyer has logical and organized thoughts and she was able to make decisions regarding her course of treatment. (*Id.* at 319, 321, 352, 355, 357, 363, 366, 382, 384, 386, 388, 499, 503, 574, 577, 628, 631.) Moreover, Boyer fails to present any evidence of extended episodes of decompensation. In light of the foregoing, the ALJ's determination that the listing were not met is supported by substantial

7

evidence and free from legal error.

**B.**     <u>**Treating Physician Rule**</u>

Next, Boyer contends that the ALJ erred in applying the treating physician rule because she failed to credit her treating psychiatrist's opinion. (Dkt. No. 13 at 21-29.) The Commissioner disagrees and submits that the ALJ properly evaluated the medical opinion evidence. (Dkt. No. 14 at 5-10.)

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 416.927(c). Controlling weight will be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Id.* § 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Unless controlling weight is given to a treating source's opinion, the ALJ is required to consider the following factors in determining the weight assigned to a medical opinion: whether or not the source examined the claimant; the existence, length and nature of a treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. *See* 20 C.F.R. §

8

416.927(c). The ALJ must provide "'good reasons' for the weight given to the treating source's opinion." *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted). "Nevertheless, where 'the evidence of record permits [the court] to glean the rationale of an ALJ's decision,'" it is not necessary that the ALJ "'have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.'" *Id.* at 407 (citation omitted).

Here, the ALJ afforded significant weight to treating psychiatrist Dr. Maxwell's opinion that Boyer was moderately limited in her ability to maintain attention and concentration. (Tr. at 19.) However, the ALJ assigned little weight to Dr. Maxwell's opinion that Boyer was very limited in social functioning because treatment records indicate that she improved with rehabilitation. (*Id.* at 19.) Boyer asserts the ALJ erred because Dr. Maxwell's medical source statement actually indicate that she is severely limited in these functional areas. (Dkt. No. 13 at 28.) While this may be so with respect to Boyer's social functioning, the ALJ gave little weight to that opinion because it was inconsistent with Dr. Maxwell's own treatment notes. (Tr. at 19, 575, 578-79, 583, 588); *see Halloran*, 362 F.3d at 32. As

9

for Boyer's attention and concentration, Dr. Maxwell expressly indicated in her medical source statement that Boyer was only moderately limited in this area. (Tr. at 344.) Thus, the ALJ did not err in his evaluation of Dr. Maxwell's medical opinion.

Moreover, the ALJ's RFC determination is supported by substantial evidence. *See* 20 C.F.R. § 416.945(a)(1) (A claimant's RFC "is the most [he] can do despite [his] limitations.") The ALJ found that Boyer had the ability to perform light work with limitations for standing and walking for intervals of one hour, occasionally reaching overhead with her left upper extremity, occasionally completing some complex tasks, working in a small group environment where she can have superficial transaction contact with co-workers and the public, and she must avoid heights, vibrations, driving, and operating moving mechanical parts. (Tr. at 16-17.) In making this finding, the ALJ relied on Boyer's testimony, which he partially credited. *See infra* Part VI.C; (Tr. at 17.) Additionally, the ALJ gave great weight to the opinion of Barry Kilbourne, the state internal medical consultant, who examined Boyer and found minimal arthritis in her left knee and that her seizure disorder would limit her driving. (*Id.* at 17-18, 438-39.) Treatment notes also reveal that Boyer's seizure disorder was medically managed.

10

(*Id.* at 18, 630.)  Regarding Boyer's mental impairments, the ALJ gave partial weight to Dr. Maxwell's opinion, *see supra* Part VI.B, and also relied in part on Dr. Kleinerman's opinion that Boyer had moderate limitations for realistic goal setting but otherwise presented with no other significant work-related limitations.  (*Id.* at 19, 432-35.)  Accordingly, the ALJ's RFC determination is supported by substantial evidence.

Boyer also contends the ALJ erred by failing to consider her low Global Assessment of Functioning (GAF) scores provided by Dr. Maxwell.  (Dkt. No. 13 at 28.)  Dr. Maxwell found that Boyer's GAF scores ranged from forty-six to fifty-three.  (Tr. at 574, 578, 589, 593, 597, 601.)  While it is true that GAF scores are relevant to an ALJ's RFC determination, *see Parker-Grose*, 462 F. App'x 16, 17-18 (2d Cir. 2012); *Ortiz Torres v. Colvin*, 939 F. Supp. 2d 172, 184 (N.D.N.Y. 2013), the ALJ need not explicitly mention the GAF score, *see Ortiz Torres*, 939 F. Supp. 2d at 184 ("This [c]ourt rules that the [ALJ's] failure to discuss the [GAF] scores does not constitute an error worthy of remand."); *Dwyer v. Astrue*, 800 F. Supp. 2d 542, 548 (S.D.N.Y. 2011) (explaining that "the ALJ's failure to mention [the claimant's] GAF of [fifty] is insufficient to conclude that she failed to consider it").  Here, the court is satisfied that the ALJ properly considered

11

all of the evidence available to him. The ALJ thoroughly discussed the opinion and progress notes of Dr. Maxwell, which reflect Boyer's lowest score. As such, the ALJ's failure to state Boyer's scores does not amount to reversible legal error.

Finally, Boyer submits that the ALJ erred by failing to supplement the record with an additional consultative psychological examination. (Dkt. No. 13 at 29.) However, the choice to order a consultative examiner is discretionary, *see* 20 C.F.R. § 416.919a, and, here, the ALJ found that treatment notes and opinions from numerous mental health practitioners regarding Boyer's mental impairments sufficed to make a finding, (Tr. at 343-50, 446-77, 565-625, 682-719). Again, the ALJ did not commit legal error.

## C. <u>Credibility Finding</u>

Boyer also objects to the credibility finding because ALJ did not make a finding that her testimony was inconsistent with the record. (Dkt. No. 13 at 31-34.) The Commissioner counters that the ALJ properly found that Boyer's subjective complaints were not credible. (Dkt. No. 14 at 14-15.)

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce

12

the [symptoms] alleged," he "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotations marks and citations omitted). In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996). Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10CV444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. §§ 404.1529(c)(3)(i)-(vi), 416.929(c)(3)(i)-(vi)).

Boyer contends that the ALJ did not make a finding that her testimony was inconsistent with other record evidence. (Dkt. No. 13 at 34.) That is simply not the case. The ALJ found Boyer's allegations regarding

13

her mental impairments to be partially credible because she had a documented history of treatment for depression, anxiety, and substance abuse. (Tr. at 20.) However, the ALJ discredited some of Boyer's testimony because it was inconsistent with Dr. Maxwell's treatment records demonstrating improvement after rehabilitation and medication. (*Id.*) Similarly, the ALJ determined that Boyer's allegations of physical impairments were partially credible because she had pain which eventually required surgery. (*Id.*) Again, the ALJ discredited some of Boyer's testimony about the severity of her physical impairments because there were no significant treatments following her surgery and she was not prescribed medication for the alleged pain. (*Id.*) Boyer also testified that she could walk and stand for one hour at a time for up to six hours in an eight-hour work day. (*Id.*) Accordingly, the ALJ did not err in his credibility findings.

D. **Step Five Determination**

Finally, Boyer argues that the ALJ erred by presenting an inaccurate hypothetical RFC to the VE. (Dkt. No. 13 at 34-35.) The Commissioner responds that the ALJ's step five determination was supported by substantial evidence. (Dkt. No. 14 at 15-16.)

At step five, a "limited burden" shifts to the Commissioner to "show that there is work in the national economy that the claimant can do." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009). ALJs may rely on the testimony of VEs to support their findings. *See McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). When utilizing a VE, the ALJ poses hypothetical questions which must reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for the VE's testimony. *See De Leon v. Sec'y of Health & Human Servs.*, 734 F.2d 930, 936 (2d Cir. 1984). When a hypothetical question meets that requirement, and is supported by substantial evidence, VE testimony suffices as substantial evidence to support a step five finding. *See Mancuso v. Astrue*, 361 F. App'x 176, 179 (2d Cir. 2010); *see also Salmini*, 371 F. App'x 109, 114 (2d Cir. 2010); *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). Conversely, VE testimony given in response to a hypothetical question that does not present the full extent of a claimant's impairments, limitations, and restrictions, or is otherwise inadequate, cannot constitute substantial evidence to support a conclusion of no disability. *See Pardee v. Astrue*, 631 F. Supp. 2d 200, 211-12 (N.D.N.Y. 2009); *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 407 (W.D.N.Y. 2008).

Boyer contends that the ALJ should have accepted the VE's testimony that an individual who missed more than two days of work per month and was off task more than ten percent of the time would have limited employment options. (Dkt. No. 13 at 35; Tr. at 40.) The VE's statement was in response to a question posed by Boyer's attorney. (Tr. at 40.) This question, however, did not reflect the RFC determination of the ALJ, which found that Boyer could perform light work with certain non-exertional limitations. (*Id.* at 16-17.) As noted above, *see supra* Part VI.B-C, the court found that the RFC determination is supported by substantial evidence, thus, it necessarily rejects Boyer's VE challenge. *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011); *Salmini*, 371 F. App'x at 114 ("Because we find no error in the ALJ's RFC assessment, we likewise conclude that the ALJ did not err in posing a hypothetical question to the [VE] that was based on that assessment"). Rather, the ALJ's hypothetical questions directed to an RFC of light work with limitations for asthma was not defective or deficient as it accounted for Boyer's limitations. (Tr. at 32-37); *see Walker v. Colvin*, No. 5:12-cv-483, 2013 WL 5434065, at *12 (N.D.N.Y. Sept. 27, 2013) (finding "[a] valid hypothetical question need only incorporate limitations that an [ALJ] finds credible and which are supported

16

by substantial evidence"). Accordingly, the ALJ properly relied on the VE testimony relevant to his RFC determination and his finding of no disability at step five is supported by substantial evidence.

E. **Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence and free from legal error.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Boyer's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 31, 2017
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

17